| | |
|---|---|
| Case No. **CV 17-8093 DMG (PLAx)** | Date November 8, 2017 |
| Title *Kathryn Garcia v. Target Corp.* | Page 1 of 2 |

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER REMANDING ACTION TO STATE COURT**

      On July 14, 2017, Plaintiff Kathryn Garcia filed this personal injury suit in Los Angeles County Superior Court against Target Corporation ("Target"), alleging a slip and fall that occurred at one of Target's California premises caused her harm. [Doc. # 1-1.] Target accepted service on October 11, 2017 and filed its Answer on November 1, 2017. Werbin Decl. at ¶ 3 [Doc. # 1]; [Doc. # 1-2 (Answer)]. On November 6, 2017, Target removed the action to this Court based on diversity jurisdiction. [Doc. # 1 ("Notice of Removal").]

      A district court shall have jurisdiction over a civil action where the matter in controversy exceeds $75,000 and there is complete diversity of citizenship between the parties. 28 U.S.C. § 1332(a)(1). "The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin v. Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009). Garcia is a California citizen and Target is a Minnesota citizen, which satisfies the diversity of citizenship requirement.

      The "amount in controversy is determined from the face of the pleadings," and where the state court complaint does not allege the amount of damages sought, as here, "the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [the statutory minimum]." *Crum v. Circus Circus Enterps.*, 231 F.3d 1129, 1131 (9th Cir. 2000); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) (alteration in original); *accord Ohanian v. Victoria Fire & Cas. Co.*, No. CV 11-05602 MMM (RZx), 2011 WL 3319884, at *2 (C.D. Cal. Aug. 1, 2011). To do so, the defendant should present "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (quoting *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335–36 (5th Cir. 1995)).

      "A speculative argument regarding the potential value of the award is insufficient." *Conrad Assocs. V. Hartford Acc. & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998); *see also Ohanian*, 2011 WL 3319884, at *3 (defendant's estimation that action satisfied amount in

controversy requirement was too conclusory and speculative to satisfy $75,000 threshold, where plaintiff alleged lost property value in connection with a $60,000 property and sought special and punitive damages, attorney's fees, and emotional distress damages (citing *Miller v. Lifestyles Senior Housing Managers*, No. CIV S 05887LKKDAD, 2005 WL 1397401, at *1 (E.D. Cal. June 13, 2005) (defendant's estimation of amount in controversy where plaintiff earned $65,000 yearly salary and expected a bonus of $12,000 was speculation "at best"))).

　　Here, Target submits a copy of the demand letter that Garcia's counsel sent to Target prior to filing suit. Ex. C to Notice of Removal ("Demand Letter") [Doc. # 1-3]. The Demand Letter indicates that Garcia's interim medical bills totaled $59,924.48. *Id.* at 3. There is no amount provided for either the loss of past earnings or loss of future earnings categories, nor does the Letter provide any explanation of Garcia's earnings or earning capacity prior to the incident that gave rise to this suit. *See id.* at 4. The Demand Letter also states that Garcia would settle the action for $100,000. *Id.*

　　The Demand Letter does not establish by a preponderance of the evidence that at least $75,000 is at issue in this case. Target presents the Court with no other evidence of the amount in controversy. Accordingly, Target has failed to carry its burden of establishing this Court's federal subject matter jurisdiction over the action.

　　This case is therefore **REMANDED** to the Los Angeles County Superior Court.

**IT IS SO ORDERED.**